OPINION
On October 2, 1998, the Stark County Grand Jury indicted appellant, Johnnie Ray Pryor, on one count of kidnaping in violation of R.C. 2905.01, one count of abduction in violation of R.C. 2905.02 and one count of rape in violation of R.C. 2907.02. Said charges arose from an incident on September 4, 1998 involving an acquaintance, Teresa Grant. A jury trial commenced on January 28, 1999. The jury found appellant guilty of abduction and not guilty of kidnaping and rape. By judgment entry filed February 3, 1999, the trial court sentenced appellant to four years in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE JUDGMENT RENDERED BY THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SEVERAL EVIDENTIARY RULINGS WHICH PREJUDICED APPELLANT'S SUBSTANTIAL RIGHTS.
 III APPELLANT'S SUBSTANTIAL RIGHTS WERE PREJUDICED BY HIS TRIAL COUNSEL'S INEFFECTIVENESS AND BUT FOR COUNSEL'S ERRORS THE TRIAL OUTCOME WOULD HAVE BEEN DIFFERENT.
 IV THE TRIAL COURT ERRED BY FAILING TO ADVISE APPELLANT OF THE POSSIBLE IMPOSITION OF BAD TIME OR POST-RELEASE CONTROL AS REQUIRED BY THE OHIO REVISED CODE.
 I
Appellant claims his conviction was not supported by the manifest weight or sufficiency of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was found guilty of abduction in violation of R.C. 2905.02(A)(2) which states "[n]o person, without privilege to do so, shall knowingly do any of the following * * * [b]y force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear." Ms. Grant claimed appellant forced her to engage in sexual intercourse. T. at 130-132. Appellant admitted to having sexual intercourse with Ms. Grant but claimed the sexual act was consensual in exchange for crack cocaine. T. at 202-203, 267-268. Therefore, the question of the sufficiency and the weight of the evidence revolves around the credibility of the witnesses which lies with the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182. Ms. Grant testified she was visiting appellant's home on September 4, 1998 when appellant showed her "[n]aked pictures of different women having sex" which made her feel uncomfortable. T. at 136. Appellant then told Ms. Grant he was going to engage in sexual intercourse with her but Ms. Grant refused. Appellant ordered Ms. Grant to take off her clothes, threatening her with an axe. T. at 126. Appellant forced Ms. Grant to the bedroom where he handcuffed her and made her bend over the bed. T. at 130. Appellant took the axe and ran it down Ms. Grant's back and told her "not to move or he was going to kill me." Id. Appellant ranted about "what he was going to do to me and he was going to make me have sex with him one way or the other, whether I wanted to or not." T. at 131. Appellant bound Ms. Grant's legs with an extension cord and had intercourse with her once while she was tied up. T. at 132. Appellant then untied Ms. Grant and had intercourse with her again. Id. Appellant let Ms. Grant go after she asked if she could leave. Id. Ms. Grant left appellant's home and went to the home of Sam Hampton. Mr. Hampton testified Ms. Grant was "in shock" and "crying." T. at 184. Photographs of Ms. Grant (State's Exhibits 5-10) showed visible marks on her. T. at 176. Officer Jennifer Vinesky, the first officer to interview Ms. Grant, met Ms. Grant at the hospital and observed "swelling in her wrists and cut marks to her lips." T. at 176. On cross-examination, Ms. Grant admitted to smoking crack cocaine with appellant and to voluntarily engaging in sexual intercourse with him in the past. T. at 155, 172. The evidence substantiates that Ms. Grant had serious marks to her body consistent with being tied up and restrained, and Ms. Grant was "in shock" and "crying" after the incident. We find this evidence to be sufficient to negate appellant's claim that the sexual act was consensual. Upon review, we find sufficient evidence, if believed, to find appellant guilty of abduction, and no manifest miscarriage of justice. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying defense counsel the opportunity to impeach Ms. Grant relative to her prior statements to police, in admitting appellant's audio taped statement to police and in admitting Ms. Grant's arrest record. We disagree. The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. MS. GRANT'S PRIOR STATEMENTS Pursuant to Crim.R. 16(B)(1)(g), the trial court permitted defense counsel to use Ms. Grant's prior statements for purposes of cross-examination however, the trial court specifically found "[n]ot everything contained therein was contained in her testimony relative to direct testimony." T. at 144. Defense counsel used Ms. Grant's prior statements to cross-exam her on specific statements that were contradictory from her direct testimony. T. at 146, 148, 150, 154, 155. The trial court limited the use of the statements when defense counsel elicited inconsistencies related to the cross-examination. T. at 163-165. Appellant argues his counsel should have been permitted to develop these inconsistencies. Crim.R. 16(B)(1)(g) specifically limits the use of prior statements to inconsistencies developed on direct, not to inconsistencies created during cross-examination: (g) In camera inspection of witness' statement. Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.
If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.
Appellant argues the continued cross-examination on the inconsistencies qualified under Evid.R. 613(B) which states as follows: (B) Extrinsic evidence of prior inconsistent statement of witness
Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
 (1) The witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;
 (2) The statement is one of the following: (a) Relevant to the substantive issues in the case; (b) Permitted by Evid.R. 608(A), 609, 616(B) or 706; (c) Permitted by the common law of impeachment and not in conflict with the Rules of Evidence.
We are at a loss to make a determination on whether the mandates of Evid.R. 613(B) were developed because Ms. Grant's prior statements were not proffered or marked as an exhibit. The disputed issue appears to be whether there were two men outside appellant's residence when Ms. Grant first attempted to leave appellant's home. We find even if Evid.R. 613(B) was fully complied with, the disputed issue was not a substantive issue relative to the case. The two men in question testified as to what they saw. Whether Ms. Grant attempted to leave once or twice is irrelevant.
APPELLANT'S AUDIO TAPED STATEMENT, Appellant argues his taped statement was not properly authenticated under Evid.R. 901 which provides in pertinent part: (A) General provision The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
(B) Illustrations By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
 * * * (5) Voice identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.
Sergeant Bruce Allison took appellant's taped statement. Sergeant Allison told the jury what appellant said and identified the audio tape of appellant's statement. Defense counsel objected to the tape being played, arguing the transcript of the tape was sufficient. T. at 202. The trial court overruled the objection and permitted the state to present the audio tape in lieu of the transcript. Upon review, we find the objection was not based on Evid.R. 901. Furthermore, the officer who personally took appellant's statement identified the audio tape as the actual tape. Any error created by the failure to ask the officer whether the voice on the tape was appellant's does not qualify under the harmless error standard. Crim.R. 52(A). We note appellant's statement was a complete defense to the charges. Although appellant did not testify, appellant succeeded in having his defense brought before the jury without being subject to cross-examination.
MS. GRANT'S ARREST RECORD, Appellant argues the trial court erred in admitting Ms. Grant's arrest record (State's Exhibit 16) into evidence. T. at 216. Ms. Grant's arrest record showed only traffic arrests. The issue of whether Ms. Grant was a prostitute or exchanged sex for crack cocaine was brought up by defense counsel on the cross-examination of Sergeant Allison. T. at 208. Appellant argues Ms. Grant's arrest record was not properly authenticated. We concur with this argument but find there was no objection to Ms. Grant's arrest record during cross-examination although an attempt appears to have been made. T. at 215. At the conclusion of the state's case, defense counsel objected to the appropriateness of Ms. Grant's arrest record, not its authenticity. T. at 247. Upon review, we find no substantial prejudice in the admission of Ms. Grant's arrest record because Sergeant Allison gave direct testimony as to its contents with no objection. Furthermore, the arrest record did not bare on any substantive issue or Ms. Grant's credibility. We note the method of presentation of Ms. Grant's arrest record violated the "rape shield" statute that affords a victim the right to an attorney and a hearing on the issue. Upon review, we find the trial court did not err in denying defense counsel the opportunity to impeach Ms. Grant relative to her prior statements to police, in admitting appellant's audio taped statement to police and in admitting Ms. Grant's arrest record. Assignment of Error II is denied.
 III
Appellant claims his trial counsel was ineffective in not objecting to the admission of the physical evidence consisting of State's Exhibits 5-10 (photographs of Ms. Grant), State's Exhibits 11 and 12 (Ms. Grant's clothing) and State's Exhibit 17 (audio tape of appellant's statement). We disagree. The standard this case must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied 110 S.Ct. 3258. Appellant must establish two criteria: 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must further establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696.
PHOTOGRAPHS, Appellant claims the photographs of Ms. Grant were not properly identified. Ms. Grant identified the photographs herself and testified they were taken "right after" the incident. T. at 138. Officer Vinesky verified that the photographs adequately depicted Ms. Grant's condition right after the incident. T. at 179. We find the photographs were properly and sufficiently identified and authenticated and it would have been folly to object to their admission.
CLOTHING, Appellant claims Ms. Grant's clothing should not have been admitted because the chain of custody was not established. Appellant points out the officer who took the clothing to the Stark County Crime Lab did not testify. The clothing was identified by the forensic specialist with the Crime Lab, serologist Jennifer Bloink. Ms. Bloink testified "these items are the clothing of Teresa Grant." T. at 223. The results of the forensic analysis was the discovery of semen on the underpants and jean shorts. Also, tears in the underpants were inconsistent with normal wear and tear. T. at 223-224. We agree with appellant the state failed to establish the proper chain of custody or at the minimum have Ms. Grant identify the clothing. However, we do not find that such a failure affects the outcome of the trial or creates substantial prejudice to appellant. Appellant admitted to having sexual intercourse with Ms. Grant, claiming the intercourse was consensual therefore, the finding of semen on Ms. Grant's clothing was not inconsistent with appellant's defense. Also, the tears in the clothing were inconsistent with Ms. Grant's testimony that she took off her own clothes.
AUDIO TAPE, Appellant claims the trial court erred in admitting the audio tape of his statement to police. We have addressed this issue in the previous assignment. Clearly the tape was admissible therefore any objection would have been folly. Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in failing to caution him pursuant to R.C. 2929.19(B)(3) during sentencing. The state concedes this issue. We hereby order a new sentencing hearing for the limited purpose of notification in accordance with R.C.2929.19(B)(3). Assignment of Error IV is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is affirmed and remanded.
By Farmer J. Hoffman, P.J. and Edwards, J. concur.